Richard B. DUNLAP,
Plaintiff–Appellant,

v.

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,
Defendant–Appellee.

No. 87–8868
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1988.

---

Stephen Anderson, Atlanta, Ga., for plaintiff-appellant.

Susan A. Cahoon, Kilpatrick & Cody, Paul A. Raney, Atlanta, Ga., for defendant-appellee.

Before HATCHETT, ANDERSON and COX, Circuit Judges.

PER CURIAM:

Dunlap filed a civil action seeking damages and injunctive relief against Transamerica Occidental Life Insurance Company ("Transamerica"). He asserted three claims: (1) that he was wrongfully discharged in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (1985); (2) that Transamerica discharged him for the purpose of defeating his right to a full pension, and wrongfully reduced the monthly pension benefit to which he was entitled, in violation of the Equal Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (1985) ("ERISA"); and (3) pendent state law claims asserting that his discharge was wrongful. The district court granted Transamerica's motion for summary judgment on all claims, and Dunlap appeals. We affirm.

On January 20, 1987, Transamerica filed a motion for summary judgment supported by the following documents: (1) defendant's statement of material facts as to which there is no genuine issue to be tried, supported by references to depositions, exhibits and affidavits on file; (2) a memorandum in support of the motion; and, (3) two affidavits.

Local Rule 220–5 of the Northern District of Georgia provides as follows:

(a) Generally. Motions for summary judgment shall be filed in accordance with the provisions of Rule 56 of the Federal Rules of Civil Procedure, except that no date for a hearing shall be set until after the party opposing the motion has had twenty days after service of the motion in which to file his responsive pleading. In accordance with Rule 220–1(b)(2), the parties shall not be permitted to file supplemental briefs and materials, with the exception of a reply by the movant, except upon order of the Court.

(b) Form of Motion.

(1) The movant for summary judgment shall attach to his motion a separate and concise statement of the material facts to which he contends there

is no genuine issue to be tried. Each material fact shall be numbered separately. Statements in the form of issues or legal conclusions (rather than material facts) will not be considered by the Court. Affidavits and the introductory portions of briefs do not constitute a statement of material facts.

(2) The respondent to a motion for summary judgment shall attach to his response a separate and concise statement of material facts, numbered separately, to which he contends there exists a genuine issue to be tried. Response should be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in his statement shall be deemed to have been admitted. The response that a party has insufficient knowledge to admit or deny is not an acceptable response unless the party has complied with the provisions of F.R.Civ.P. 56(f).

(3) All documents and other record materials relied upon by a party moving for or opposing a motion for summary judgment shall be clearly identified for the Court. Where appropriate, dates and specific page numbers shall be given.

(c) Time. Motions for summary judgment shall be filed as soon as possible, but, unless otherwise ordered by the Court, not later than 20 days after the close of discovery, as established by the expiration of the original or extended discovery period or by written notice of all counsel, filed with the Court, indicating that discovery was completed earlier.

Local Rule 220–1(b)(1), which deals with motions generally, and is not limited to summary judgment motions, reads as follows:

(b) Response to Motion.

(1) Each party opposing a motion shall serve his response, responsive memorandum, affidavits, and any other material not later than ten days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty days after the service of the motion. Failure to file a response shall indicate that there is no opposition to the motion.

On April 1, 1987, the district court entered the following order in the case:

A summary judgment motion has been filed in this case. The court will begin considering the merits of the motion thirteen (13) days from the mailing date of this order. *See* Fed.R.Civ.P. 6(e), 56(c); *Milburn vs. United States*, 734 F.2d 762 (11th Cir.1984). Under the local rules of this court, motions to which no timely response has been received may be deemed unopposed. LR 220–1(b)(1) NDGa. *See Simon vs. Kroger Company*, 743 F.2d 1544 (11th Cir.1984). All motions and responses shall comply with Local Rule 220–5 of this court.

This notice is being sent to comply with the Eleventh Circuit's holding in *Milburn, supra,* and is *not* to be considered an extension of time for filing responsive pleadings.

The docket entry indicates that this order was docketed and mailed to counsel of record on April 10, 1987.

No response to the motion of any kind was filed. By order dated June 28, 1987, and docketed and mailed to counsel on July 1, 1987, the district judge granted Transamerica's motion, entering summary judgment for Transamerica on all claims. The order granting the motion noted that no response to the motion had been filed; that the defendant's statement of material facts filed in conjunction with the motion remained uncontroverted, and, therefore, such facts were deemed admitted under Local Rule 220–5(b)(2); that Dunlap's failure to respond to the motion meant that it was deemed unopposed under Local Rule 220–1(b)(1); and that there remained "no genuine issues as to any material fact and the defendant is entitled to judgment as a matter of law pursuant to Rule 56."

On July 13, Dunlap's counsel filed a motion seeking a reconsideration of the order granting summary judgment, alleging, among other things, that he had not re-

ceived the court's order of April 1, 1987, that he thought he had an "understanding" with opposing counsel that the time for responding to the motion had been extended pending transcription of a recent deposition, and that he desired an opportunity to respond to the motion. Transamerica's counsel responded to the motion for reconsideration, and in the response denied any agreement with Dunlap's counsel to extend the time to respond. The district judge denied the motion for reconsideration, noting that under Fed.R.Civ.P. 77(d) the mailing of the order by the clerk was notice for all purposes, whether or not received by counsel, and that Fed.R.Civ.P. 60(b) did not warrant relief under these circumstances.

■ Dunlap's first argument on appeal is that the district court did not address the merits of Transamerica's motion, but based its ruling instead solely on the grounds that it was deemed unopposed within the meaning of Local Rule 220–1(b)(1), and that its statement of uncontested facts was deemed uncontroverted under Local Rule 220–5(b)(2). Dunlap contends that there was evidence in the record before the district court which established that there were genuine issues of material fact. He did not specifically direct the district court's attention to any such evidentiary material, however, and has not directed this court's attention to any such evidentiary material.

A careful review of the district court's order granting summary judgment and the district court's order denying the motion for reconsideration persuade us that the district court did address the merits of the motion. Dunlap does not argue that the motion was not well supported, although he seems to argue that the district court would have concluded that the motion was due to be denied had it *sua sponte* searched all evidentiary materials on file at the time the motion was granted; Dunlap would apparently have this court do the same, because his brief does not contain specific references to evidentiary materials which would justify denial of the motion.

In *Simon v. Kroger Company,* 743 F.2d 1544 (11th Cir.1984) this court upheld the entry of summary judgment under similar circumstances. The result in *Simon* was based upon both a finding that the summary judgment motion was well supported and a finding that a local rule in the Northern District of Georgia—which apparently was the predecessor to one of these local rules—was properly applied.

Had the district court based its entry of summary judgment solely on Local Rule 220–1(b), a different question would be presented. Local Rule 220–1(b)(1) might well be inconsistent with Fed.R.Civ.P. 56 if it were construed to mean that summary judgment could be granted as a sanction for failure to respond to a motion for summary judgment. *Cf. Arundar v. DeKalb Cty. School Dist.,* 620 F.2d 493 (5th Cir. 1980). In this case, however, Transamerica's motion was supported by evidentiary materials of record, and the district court's orders indicate that the merits of the motion were addressed.

Dunlap's next argument is that the local rules do not provide the advance notice required by Rule 56, and, therefore, that the district court erred in granting summary judgment in view of the fact that neither he nor his counsel actually received the district court's order relative to when the motion would be deemed submitted.[1]

■ Local rules may serve the purpose of giving the notice required by Rule 56. *See Simon,* 743 F.2d at 1546–7, and *Jackson v. Seaboard Coast Line R. Co.,* 678 F.2d 992, 1020 (11th Cir.1982). Additionally, we agree with the district court's conclusion that Fed.R.Civ.P. 77(d) deems mailing of such notices by the clerk to be notice to a party, whether or not the notice is actually received or actually noticed by the party. All 77(d) requires is that "upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5." Rule 5 provides that service by mail is complete upon mailing. *See Tucker v. Common-*

1. Dunlap does not argue that he failed to respond within the time required by local rules

because he anticipated an order from the court fixing the time to respond.

*wealth Land Title Insurance Company,* 800 F.2d 1054, 1056 (11th Cir.1986); *Frito-Lay of Puerto Rico v. Canas,* 92 F.R.D. 384, 389–90 n. 2 (D.P.R.1981), 2 *Moore's Federal Practice* ¶ 5.07 (2d ed. 1985). There is no contention in this case that a copy of the order in question was not actually mailed by the clerk, only a contention that it was not received by Dunlap or his counsel.

■ Finally, Dunlap argues that his motion for reconsideration justified relief under Fed.R.Civ.P. 60(b). Dunlap has failed to demonstrate that the district court abused its discretion in denying the motion. *See Jackson,* 678 F.2d at 1020.

For the foregoing reasons, the judgment of the district court is AFFIRMED.