Susanna BERENDSEN, Petitioner,

v.

David Alan NICHOLS, Respondent.

No. 96–4042–RDR.

United States District Court,
D. Kansas.

Sept. 19, 1996.

Arvid V. Jacobson, Jacobson & Jacobson, Junction City, KS, for petitioner.

Brian S. Frost, Florez & Frost, P.A., Topeka, KS, for respondent.

738

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon petitioner's motion for attorney's fees and costs pursuant to 42 U.S.C. § 11607. The court previously ordered respondent to return petitioner's children to her custody in accordance with the Convention on International Child Abduction as enforced under the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.* Consequently, petitioner is entitled to an order requiring the respondent "to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3).

Petitioner asks for: attorney fees and expenses in the amount of $9,224.82; travel and lodging expenses in the amount of $2,427.02; and interest from the date of the judgment.

Respondent contends: that the amount of hours claimed, particularly in preparation of pleadings, is unreasonable; that travel time and time spent in a related state divorce action should not be compensated; and that the hours claimed in this matter are insufficiently documented. Respondent further argues that the $150 per hour rate suggested by petitioner is too large and that certain transportation and other expenses should not be reimbursed.

■ To determine what fees and expenses are necessary, we first attempt to determine a reasonable hourly rate for the legal services afforded petitioner. Petitioner's counsel has operated with considerable skill in this litigation. Petitioner's counsel has significant experience in this kind of case and a good reputation in the community. Given all of these factors, the court shall calculate an appropriate fee using the rate of $125 per hour. The court finds that this rate is commensurate with the rate used in other cases involving local attorneys with significant experience who have performed high quality legal work before the court. *E.g., Brown v.*

*Unified School District No. 501,* 878 F.Supp. 1430 (D.Kan.1995).

■ Next, the court must determine what amount of hours was necessary to petitioner's representation. The court is satisfied with the documentation provided by petitioner's counsel. The court shall also compensate counsel for travel time to Topeka, the site of the nearest federal court to petitioner's counsel's office. However, the court agrees with some of defendant's other objections to petitioner's fee request.

The court agrees that reductions should be made from petitioner's fee request for the following reasons. The court does not believe petitioner should be compensated for counsel's work in connection with a state court divorce action. It is undisputed that petitioner has the opportunity to receive an order of reimbursement for those legal services from the state court. Moreover, it is not clear to this court how the hours spent with the state court litigation were of direct benefit to this case. Many of the hours claimed for the divorce action were expended close to the time of the hearing in this case. At that hearing, the court directed relief in favor of petitioner. It appears to the court that this relief would have been ordered regardless of the time and effort petitioner's counsel devoted to the state case.

The court shall also reduce the hours requested for reimbursement by deducting time spent on the drafting of pleadings. The court has compared the pleadings filed in this case to pleadings filed in previous cases by petitioner's counsel. *I.e., Grimer v. Grimer,* Case No. 93–4086; *Levesque v. Levesque,* Case No. 93–4037. The pleadings are very similar. Accordingly, the court believes the time necessary to prepare the pleadings in this case is less than what is claimed by petitioner's counsel.

After making other small reductions to limit time assessed to telephone calls, the preparation of pleadings in connection with the instant fee request, and travel to file this case, the court finds that 42 hours is a necessary number of hours devoted to this matter.

■ Upon review of the expenses and costs claimed by plaintiff, the court shall

allow $1,377.65. This award is intended to compensate petitioner for the costs and expenses of: telephone calls; facsimile transmissions; witness fees; certified mail and postage; service fees; copying; filing fees, mileage; motel costs, rental car expenses; and gas. In reaching this figure, the court has made reductions in the amounts claimed for copying, fax services, and plane tickets. As regards the plane tickets, it is the court's understanding that respondent provided plane tickets to petitioner and that petitioner was able to obtain refunds on the tickets that she purchased.

Petitioner appears to make an argument for an upward adjustment in the award of fees and costs in this case on the basis of factors described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). The court does not believe such an adjustment is warranted. While cases under the International Child Abduction Remedies Act may be unusual, particularly for the undersigned judge, they are not unprecedented for petitioner's counsel. Furthermore, the law does not appear to be complex and this case was short-lived. We shall not make an upward adjustment.

On the other hand, as the court has previously noted, we believe we have the discretion to reduce any potential award to allow for the financial condition of the respondent. See *Rydder v. Rydder*, 49 F.3d 369, 373–74 (8th Cir.1995). Furthermore, the court believes a fee award which unduly limited respondent's ability to support his children would be "clearly inappropriate." Consequently, in light of respondent's financial status and his support of his children, the court shall reduce the fee award in this case by 15%.

In conclusion, the court shall direct that respondent reimburse petitioner for attorney's fees in the amount of $4,462.50 and expenses and costs in the amount of $1,377.65. In other words, the Clerk shall enter a judgment directing respondent to pay petitioner a total amount of $5,840.15.

**IT IS SO ORDERED.**