# United States Court of Appeals
## For the First Circuit

No. 03-1742

RICHARD WHALLON,

Petitioner, Appellee,

v.

DIANA LYNN,

Respondent, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Lipez, Circuit Judge,
Coffin, Senior Circuit Judge,
and Barbadoro,[*] District Judge.

Barry S. Pollack with whom Donnelly, Conroy & Gelhaar was on brief for appellant.
Mary A. Azzarito with whom Stephen J. Cullen and Miles & Stockbridge, P.C. were on brief for appellee.

January 22, 2004

---

[*]Of the District of New Hampshire, sitting by designation.

**COFFIN, <u>Senior Circuit Judge</u>**.  This is an appeal from an award of attorney's fees and expenses to petitioner-appellee, who brought an action to secure the return of his child from the United States to her habitual residence, Mexico, under the Hague Convention on the Civil Aspects of International Child Abduction, T.I.A.S. No. 11,670, 19 I.L.M. 1501 (1980).  We ordered the child's mother, the respondent-appellant, to return the child in <u>Whallon</u> v. <u>Lynn</u>, 230 F.3d 450 (1st Cir. 2000).  She now challenges the fee award.

The district court granted petitioner's request for fees and costs under the legislation implementing the Convention, the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11607(b)(3), which pertinently states, "Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner . . . unless the respondent establishes that such order would be clearly inappropriate."

The court first engaged in a meticulous review of the claimed fees and expenses to determine their necessity.  In a methodical weeding of relevant and adequately supported expenses from those clearly unnecessary or inadequately explained or supported, it reduced the award for expenses by more than seventy percent (from $23,463.17 to $6,929.78).  After considering the requested fees for both United States and Mexican counsel, the court found the claimed

234.1 hours "extreme even granting that this is an extraordinarily contentious case." It reduced the fees awarded by one half (from $41,403 to $20,701.50).

The court then considered respondent's claim that an award of the magnitude requested was inappropriate because she was unable to pay for it, living on loans from family and friends. It then further reduced the legal fees by 25 percent (from $20,701.50 to $15,526.13). It cited two cases that have considered a respondent's limited financial means and the economic impact on the children in reducing a fee award. See Rydder v. Rydder, 49 F.3d 369, 373-74 (8th Cir. 1995) (46 percent reduction because of respondent's "straitened financial circumstances"); Berendsen v. Nichols, 938 F. Supp. 737, 739 (D. Kan. 1996) (15 percent reduction; "a fee award which unduly limited respondent's ability to support his children would be 'clearly inappropriate'").

In sum, the court's reductions of fees and expenses amounted to 65 percent (from $64,866.17 to $22,455.91). In granting petitioner's motion, the court specified that one firm, Miles & Stockbridge, be awarded $13,973.91 (covering both allowed fees and expenses), and that the Mexican firm of Tucker & Cinquegrana be awarded $8,482.

## Discussion

Respondent raises two issues on appeal. She claims, first, that the court erred in not considering "either the failure of

[petitioner] to pay child support or how the award would affect the best interests of the child," and second, that it erred in awarding fees and expenses "in favor of counsel, rather than in favor of the party."

With reference to the matters considered by the court in determining fees and expenses, counsel agreed at oral argument that the standard governing our review is abuse of discretion. This is consistent with such cases dealing with attorney's fee awards as Larch v. Mansfield Mun. Elec. Dep't, 272 F.3d 63, 75 (1st Cir. 2001).

Respondent asserts that the court "refused to delve as deeply as was necessary" into respondent's financial condition to protect the child's best interests, and that it refused to consider petitioner's flagrant failure to make support payments in an amount alleged to exceed the amount of the fee award. Respondent acknowledges that there are no cases where a "clearly inappropriate" standard has resulted in denial of all fees to a party successful in seeking return of a child, but avers that no other known petitioner was guilty of such egregious failure to support.

The district court has the duty, under 42 U.S.C. § 11607(b)(3), to order the payment of necessary expenses and legal fees, subject to a broad caveat denoted by the words, "clearly inappropriate." We agree with the Berendsen and Rydder courts that

preserving the ability of a respondent to care for her child is an important factor to consider. We also read the statute as giving the district court broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards. Finally, it is clear from the statute that the respondent has the burden to establish that a fee/expense order would be clearly inappropriate.

Our review convinces us that the district court did not abuse its discretion. We begin by looking at what was presented to the district court for its decision. After petitioner filed his motion for fees on August 17, 2000, respondent filed an opposition, listing seven reasons, beginning with her "straitened financial circumstances." Petitioner's failure to support respondent and their child was listed only as one of the reasons why respondent should not be burdened by a fee requirement. In its decision, the court stated that an award in the amount claimed for fees and expenses would be "'clearly inappropriate' for the reasons [respondent] articulated."

Following the court's decision on April 18, 2003 – some two and a half years after her original opposition – respondent filed a motion for reconsideration in which the only basis for reversal was the court's failure to consider petitioner's neglect of his child support obligations for several years.

We do not accept respondent's belated invitation to use a fee award determination arising out of Hague Convention proceedings as a means of rectifying past violations of child support obligations. Our focus remains on the question whether respondent has clearly established that it is likely that her child will be significantly adversely affected by the court's award. The only evidence given us of respondent's ability to provide for her child is the affidavit she submitted to the court over two years earlier, on November 27, 2000, and never supplemented. This two page document contains four averments of a general or conclusory nature: (1) she was "financially unable to contribute to [petitioner's] attorneys' fees;" (2) she has "not been employed outside of the home for over a year;" (3) she has "no source of income;" and (4) she has "obtained loans from family and friends" for support.

Before this affidavit was filed, on August 28, 2000, respondent, in her opposition to petitioner's motion for fees, stated: "If the Court is inclined to award attorneys' fees and expenses, Respondent requests a reduction in the attorneys' fees and costs requested by Petitioner given her financial status and her ability to support Micheli." About eight months later, after the affidavit was filed, in her "Opposition to Memorandum in Support of Motion for 'Necessary' Expenses," she stated: "Whittled down to even the arguably identifiable and necessary expenses,

-6-

Petitioner is entitled to no more than $8,000 in legal fees and necessary expenses."

While Respondent continued to argue that no counsel fees should be awarded, there was no suggestion that if this less desired course of reduction (rather than elimination) of fees and expenses were adopted, dire results would ensue for her child. Nor was there any evidentiary basis advanced to help the court decide how increasing the award above $8,000 would jeopardize respondent's ability to care for her child. We have no criticism of respondent's desire to argue for two courses in the hopes of persuading the district court to adopt the stronger one. But stating a lesser objective as a permissible alternative form of relief, and then later claiming, without further evidentiary support, that accepting this route was reversible error, falls far short of carrying the burden of demonstrating that this award is "clearly inappropriate."

In any event, the court had before it all the material respondent offered, not only describing her financial condition but also asserting the prolonged lack of contribution for support from petitioner. That the court gave serious consideration to respondent's presentation is indicated both by its specific reference to it and by the dramatic, even drastic, reduction of the total award by two thirds. Although we do not minimize the import of the alleged financial neglect by petitioner, we see no basis for

saying that the court abused its discretion in responding to the record before it.

The second issue, concerning the propriety of naming the two law firms as recipients of the fee awards, is, in our opinion, a non-issue. The essential fact is that the court granted the motion, which asked that the court "award him" the total amount claimed. That the court chose, given separate counsel with separate claims for fees and expenses, to specify which law firms were to receive discrete amounts, does not seem to raise a serious question. In other words, we read the order as granting the award, as modified, to petitioner, but allocating the funds in accordance with the supporting documents. If petitioner has a problem, he can raise it, but at this juncture we see none.

Affirmed.