**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

Nos. 04-2642
    04-2668

JURGEN PETER ALDINGER,

Petitioner, Appellant,

v.

KEDRA ADELE SEGLER,

Respondent, Appellee.

---

No.  05-1916

JURGEN PETER ALDINGER,

Petitioner, Appellee,

v.

KEDRA ADELE SEGLER,

Respondent, Appellant.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before

Selya, Lynch and Lipez,
Circuit Judges.

---

Kedra Segler on brief pro se.

Stephen J. Cullen, Jeffrey M. Geller and Miles & Stockbridge P.C., Modesto L. Rodriguez-Suarez and Marichal & Hernandez LLP on brief for Jurgen Peter Aldinger.

November 23, 2005

**Per Curiam**.   After the petitioner-father Jurgen Peter Aldinger prevailed in obtaining an order requiring the respondent-mother Kedra Adele Segler to return their minor children to Germany, the district court, pursuant to 42 U.S.C. § 11607(b)(3), ordered Ms. Segler to pay Mr. Aldinger's attorneys' fees and travel expenses in the amount of $17,775.   Mr. Aldinger argues that the court awarded too little.   Ms. Segler did not cross-appeal from the award; she subsequently moved to vacate the award and has appealed that denial.   We affirm the district court's orders.

### The Fee and Expense Award

Mr. Aldinger claims that the district court misapplied 42 U.S.C. § 11607(b)(3).   We review fee and expense awards for mistake of law or abuse of discretion.   See Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 336 (1st Cir. 1997).   There is no basis to disturb the award here.

While Mr. Aldinger argues that a court may modify an award of the requested fees and costs only if the respondent establishes that such an award would be "clearly inappropriate," Mr. Aldinger ignores the fact that the court also has the obligation to determine whether the requested fees and costs were "necessary" to secure the children's return.   See Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004).   Thus, the court did not err in considering the necessity of each expense.

-2-

Mr. Aldinger also argues that the court erred by failing to engage in a lodestar analysis of the attorneys' fees. A court employing the lodestar method multiplies the number of hours reasonably spent on a case by a reasonable hourly rate to arrive at the lodestar figure. Coutin, 124 F.3d at 337, citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). To determine a reasonable number of hours, a court may subtract "hours which were duplicative, unproductive, excessive, or otherwise unnecessary." United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 16 (1st Cir. 1988). We do not reach the question of whether the lodestar method is required. In fact, the district court essentially applied the lodestar method in this case, and the deductions it made for excessive hours are supported by the record. See id. (noting that lodestar method is a "flexible paradigm" and that "'we normally prefer to defer to any thoughtful rationale and decision developed by a trial court and to avoid extensive second guessing'") (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984)).[1]

Mr. Aldinger finally argues that the court erred by failing to award the fees and costs he and his parents incurred in

_____

[1]Mr. Aldinger also complains that the court failed to apply the lodestar method in determining a reasonable hourly rate. The court, however, did not reduce the attorney's claimed rate in computing the fee award. Although the court noted in a parenthetical that the rate was high, it appears to have reduced the requested fees based on excessive hours.

visiting the children while they were wrongfully retained in the United States and transporting the children back to Germany. This argument lacks merit. The district court correctly held that those visits were not necessary to enable the father to obtain the return of the children. See 42 U.S.C. § 11607(b)(3) (providing for award of "necessary expenses" that are "related to the return of the child"); see also Pub. Notice 957, 51 Fed. Reg. 10494, 10511 (1986) (noting that "necessary expenses" encompass expenditures required "to secure the child's return"). The court did not award return costs because Mr. Aldinger agreed to pay those costs. Mr. Aldinger cannot now assert that he should be reimbursed for them.

Although Ms. Segler did not cross-appeal from the fee and expense award, she argues that the award should be reversed and vacated because the district court neglected to consider Mr. Aldinger's failure to pay adequate child support and how the award will adversely affect the best interests of the children by limiting her ability to support them. Ms. Segler's arguments fail for two separate reasons. First, she did not cross-appeal from the award, and, thus, we lack jurisdiction to hear her claims. Cf. Johnson v. Teamsters Local 559, 102 F.3d 21, 28 (1st Cir. 1996) (dismissing late cross-appeal for lack of appellate jurisdiction). While Ms. Segler argues that her subsequent appeal from the denial of her motion to vacate the award constitutes a valid cross-appeal of the underlying award, this contention lacks merit.

-4-

Second, Ms. Segler did not raise either issue in her opposition to Mr. Aldinger's request for fees and costs. Thus, the district court did not err in failing to consider these issues. Ms. Segler does not explain why she failed to raise them. Also, to the extent she argues that Mr. Aldinger failed to pay child support after the court's decision, the court could not have considered something that had not yet happened.

### The Motion to Vacate The Award

As noted above, Ms. Segler did not cross-appeal from the award. She subsequently moved to vacate the award, which the court denied "for lack of jurisdiction." Ms. Segler's appeal, however, does not even address the propriety of that decision. Rather, she focuses her arguments on the merits of the underlying award. Accordingly, she has waived the issue. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 188 (1st Cir. 2004) (noting that issue not raised in brief is waived).

Ms. Segler also attempts to raise new claims. Because they were not raised in the district court, we do not consider them. See Amcel Corp. v. International Executive Sales, Inc., 170 F.3d 32, 35 (1st Cir. 1999).

The district court's orders dated September 30, 2004, November 8, 2004, and April 19, 2005, are summarily affirmed. See 1st Cir. R. 27(c).