[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12309
Non-Argument Calendar

_____

D. C. Docket No. 92-00162-CR-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN C. THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(December 13, 2006)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Marvin C. Thompson appeals the district court's order revoking

his supervised release and imposing a 46-month imprisonment sentence. At the revocation hearing, Lt. Steven Woods testified that, on November 17, 2005, he discovered, in the driver's seat of Thompson's car, a fanny pack containing crack cocaine and a firearm. During his cross examination, Lt. Woods acknowledged that Thompson's ticket number from the November incident was out of sequential order from other tickets that he had issued before and after the incident, and he had pulled Thompson over for traffic violations twice, following the incident. The district court revoked Thompson's supervised release, after finding that he had possessed crack cocaine and a firearm.

On appeal, Thompson argues that the government failed to prove by a preponderance of the evidence that he violated the conditions of his supervised release because: (1) there was evidence that other people had opportunities to leave the contraband in his car without his knowledge; and (2) there was no evidence presented showing that he had actual or constructive possession of the contraband.

"A district court's revocation of supervised release is reviewed under an abuse of discretion standard." *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). The revocation of supervised release is authorized when a court finds that a defendant violated a term of his supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *see also Johnson v. United States*, 529 U.S. 694,

700, 120 S. Ct. 1795, 1800, 146 L. Ed. 2d 727 (2000).

Possession can be either actual or constructive. *United States v. Faust*, 456 F.3d 1342, 1345-46 (11th Cir. 2006) (controlled substance), *cert. denied*, ___ S. Ct. ___ (U.S. Nov. 13, 2006) (No. 06-7242); *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir.) (firearm possession), *cert. denied*, *Cantillo v. U.S.*, 543 U.S. 937, 125 S. Ct. 324 (2004). Constructive possession need not be exclusive and "can be established by showing ownership or dominion and control over the drugs or over the premises on which the drugs are concealed." *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989) (holding evidence sufficient to prove constructive possession where, although defendant did not have exclusive control over house where substance was found, she owned, exercised dominion, and control over the house).

After reviewing the record, we conclude that the district court did not abuse its discretion by revoking Thompson's supervised release. The evidence showed that authorities discovered a fanny pack, containing crack cocaine, and a firearm, in the driver's seat of Thompson's vehicle, shortly after he had been driving it in circumstances suggesting that he may have been involved in a drug deal. This evidence established that, more likely than not, Thompson constructively possessed the contraband.

3

Thompson next argues that the district court failed to give adequate consideration to evidence showing that Lt. Woods's testimony was incredible and biased, as indicated by his testimony that he issued Thompson a ticket number out of sequence from his previous tickets, and evidence regarding Lt. Woods's harassment of Thompson via multiple traffic stops. He contends that the district court made an erroneous credibility determination because: (1) its factual findings mirrored Lt. Wood's testimony; and (2) it did not discuss whether Lt. Wood's rendition of the events was to be believed. Lastly, he argues that the record does not reflect that the court considered the government's lack of fingerprint evidence.

A person accused of violating a condition of supervised release is entitled to, *inter alia*, an opportunity to appear, present evidence, and question any adverse witness, and to make a statement and present evidence in mitigation. Fed.R.Crim.P. 32.1(b)(2). "The credibility of a witness is in the province of the factfinder and [we] will not ordinarily review the factfinder's determination of credibility." *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994).

Because the district court allowed Thompson to present his evidence and cross-examine adverse witnesses, indicated that it had taken Thompson's arguments under advisement, and made factual findings that were largely corroborated by Thompson's own testimony, we conclude that the district court

4

afforded Thompson adequate due process, and its factual and credibility determinations were not clearly erroneous.

Thompson next argues that his revocation sentence was unreasonable because the district court made no explicit statement indicating that it considered any of the factors set forth in 18 U.S.C. § 3553, and there was nothing in the record to imply that the district court considered them.

Sentences imposed for a violation of supervised release under an advisory guidelines system are reviewed for "reasonableness." *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). Section 3583 of Title 18 provides that the district court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony[.]

18 U.S.C. § 3583(e)(3).

Further, Chapter 7 of the Sentencing Guidelines, which governs violations of supervised release, contains policy statements, one of which, § 7B1.4, provides

5

recommended ranges of imprisonment applicable upon revocation. *See* U.S.S.G. § 7B1.4. The applicable range in Thompson's case, where he committed a Grade A violation of his supervised release, had a criminal history category of IV, and was on supervised release as a result of a sentence for a Class A felony, was 37 to 46 months imprisonment. *See id.* We consistently have held that the policy statements of Chapter 7 are merely advisory and not binding. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).

In sentencing a defendant, the factors that a district court should consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the applicable guideline range; (4) the pertinent Sentencing Commission policy statements; and (5) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7). The district court is not required to discuss each of the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Because the imposition of Thompson's sentence reflected consideration of several of the relevant factors under § 3553(a), the sentence was not unreasonable. Accordingly, we affirm the district court's order revoking Thompson's supervised release and Thompson's sentence.

**AFFIRMED.**