[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13815
Non-Argument Calendar

_____

D. C. Docket No. 04-80747-CV-DTKH

THERESA B. BRADLEY,

Plaintiff-Appellant,

versus

KELLY SERVICES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 19, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Theresa B. Bradley, proceeding *pro se*, filed suit against Kelly Services, Inc.

("Kelly") for breach of contract, fraud, and negligent supervision of employees, seeking "compensatory and exemplary damages," including embarrassment, humiliation, loss of professional stature, loss of credit worthiness and interference with her banking relationship. She now appeals the district court's order dismissing her complaint for lack of subject matter jurisdiction because she failed to support her assertion that her claims exceeded the $75,000 jurisdictional threshold. In her complaint, which asserted diversity jurisdiction under 28 U.S.C. § 1332, Bradley alleged that as a result of the failure on the part of Kelly to deposit her paycheck for the week of July 4, 2004 in a timely manner, she suffered damages in excess of $75,000. She argues that the allegations in her complaint were sufficient to establish diversity jurisdiction, and that the district court violated her equal protection and due process rights by failing to ensure timely receipt of its order to show cause why the case should not be dismissed for lack of subject matter jurisdiction, thereby denying her an opportunity to respond. She also appeals the district court's denial of her motion to disqualify the presiding judge and her motions to compel production of documents.

## Discussion

*A.    Subject Matter Jurisdiction*

We review a district court's dismissal of a complaint for lack of subject

matter jurisdiction *de novo. Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). "Federal courts are courts of limited jurisdiction. In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins.*, 329 F.3d at 807 (quotation and citation omitted); *see* 28 U.S.C. § 1332(a). "Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quotation omitted). "However, where jurisdiction is based on a claim for indeterminate damages, the . . . 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Federated Mut. Ins.*, 329 F.3d at 807. "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden." *See Leonard*, 279 F.3d at 972 (quotation omitted)

3

(addressing removal from state court); *see also Federated Mut. Ins.*, 329 F.3d at 809 (noting that a party's mere speculation that the amount in controversy met the jurisdictional threshold did not satisfy its burden of proving beyond a preponderance of the evidence the claim at issue exceeded $75,000).

A *de novo* review of the record reveals that Bradley failed to meet her burden of proving beyond a preponderance of the evidence that her claim exceeds the jurisdictional threshold amount of $75,000. Aside from her conclusory assertions that her damages exceed $75,000, Bradley has only presented evidence consisting of copies of her resume, documentation relating to her professional training and current legal studies, as well as legal briefs filed in another pending lawsuit. Bradley has not presented any calculations as to the amount of loss resulting from Kelly's alleged misconduct. While she made general allegations that she suffered damages, Bradley never quantified these losses with any specific dollar figures. Accordingly, Bradley, at best, is speculating that her damages would exceed $75,000 and, thus, she has not met her burden. We affirm as to this issue.

B.      *Court's Duty to Provide Notice*

Pursuant to Fed. R. Civ. P. 77(d), the clerk of court immediately upon the entry of an order or judgment "shall serve a notice of the entry in the manner

4

provided for in Rule 5(b) upon each party who is not in default for failure to appear, and shall make a note in the docket of the service." Under Fed. R. Civ. P. 5(b)(2)(B), service is made by "[m]ailing a copy to the last known address of the person served. Service by mail is complete on mailing." "Notification by the clerk is merely for the convenience of the litigants." Fed. R. Civ. P. 77 advisory committee's note; *see also In re Morrow*, 502 F.2d 520, 522 (5th Cir. 1974).

In *Dunlap v. Transamerica Occidental Life Ins. Co.*, we held "that Fed. R. Civ. P. 77(d) deems mailing of such notices by the clerk to be notice to a party, whether or not the notice is actually received or actually noticed by the party." 858 F.2d 629, 632 (11th Cir. 1988). Moreover, we concluded that "[a]ll 77(d) requires is that 'upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5' [which] provides that service by mail is complete upon mailing." *Id.* (quoting Fed. R. Civ. P. 77(d)). Furthermore, we noted in *Dunlap* that there was no contention that a copy of the order in question was not actually mailed by the clerk, only a contention that it was not received. *Id.* at 633.

In this case, Bradley's argument that her due process and equal protection rights were violated by the court's alleged failure to ensure timely receipt of the order to show cause is foreclosed by our holding in *Dunlap* that the clerk's mailing

5

of notice is deemed to be notice to a party, and service by mail is complete upon mailing. *See* 858 F.2d at 632. The order to show cause stated that copies had been furnished to counsel of record and all *pro se* parties. Bradley does not dispute that the clerk actually mailed the notice. Accordingly, because service was complete upon mailing, the district court did not violate Bradley's constitutional rights by failing to ensure that she received the order in a timely fashion, and we affirm as to this issue.

*C.     Motion to Disqualify*

"We review a district court's denial of a recusal motion for abuse of discretion." *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994). Under 28 U.S.C. § 455(b)(1), any judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "A judge should be disqualified only if a reasonable person, apprised of all the facts and circumstances, would question the judge's impartiality." *United States v. Killough*, 848 F.2d 1523, 1529 (11th Cir. 1998).

The district court did not abuse its discretion in denying Bradley's motion to disqualify. Bradley based her claims of personal basis solely on the fact that the court refused to grant her motions to compel and would not set a special trial date

for her. As we have noted, a judge's adverse rulings in the same case generally are not valid grounds for recusal. *See Loranger*, 10 F.3d at 780-81 (noting that neither the district judge's delay, nor his adverse rulings, constitute the sort of "pervasive bias" that necessitates recusal). Accordingly, we affirm the district court's denial of Bradley's motion.

D.     *Motion to Compel*

"When reviewing a district court's denial of a motion to compel discovery, we apply an abuse of discretion standard. This means that a district court is allowed a range of choice in such matters, and we will not second-guess the district court's actions unless they reflect a clear error of judgment." *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006) (quotations and citations omitted).

Based on our review of the record, the district court did not abuse its discretion when it denied without prejudice Bradley's motions to compel. Accordingly, we affirm the district court's denial without prejudice of Bradley's motions to compel.

## Conclusion

Based on our review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**