[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12185

Non-Argument Calendar

_____

IGOR BENOIT CASTANG,

                                        Plaintiff-Appellee,

*versus*

KATHERINE JEONG-EUN KIM,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-05136-SCJ

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal involves the district court's award of attorney's fees and costs under the Hague Convention as implemented by the International Child Abduction Remedies Act. Katherine Kim argues that the district court misinterpreted ICARA to allow it to reduce an award, and abused its discretion in calculating the award and finding that the award was not "clearly inappropriate" due to Kim's financial hardship. We agree with the district court's interpretation of ICARA and hold that the district court did not abuse its discretion. Accordingly, we affirm.

## I.

Igor Castang and Katherine Kim have a child who was born in France in 2018. In 2021, a French court directed the two to share custody of the child. Their relationship deteriorated, and without telling Castang, Kim took the child to Atlanta, Georgia, in 2022. Castang filed an ICARA petition, which the district court granted. It ordered the father be allowed to take physical custody of the child to return the child to France. Kim appealed and we affirmed the district court.

Castang then moved the district court for an award of attorney's fees and costs under Section 9007(b)(3), which provides that after ordering the return of a child, the district court "shall order the respondent to pay necessary expenses incurred by or on behalf

of the petitioner . . . unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). Kim opposed that motion, arguing that the award was unreasonable and that it was "clearly inappropriate" because it would impose a financial hardship on her and affect her ability to care for her child.

The district court granted Castang's motion but reduced the fee award based on Kim's financial hardship. It first determined that the proper award based on the hours Castang's attorneys worked, their hourly rates, and other costs incurred was $144,513. It then considered Kim's financial circumstances—that she represented that she had no income or assets, could not afford to travel to visit her child in France, was $5,613.87 in debt, her bank account had a monthly deposit of $430.77 and withdrawals of $392, and that she had no annual income. Given her situation, the district court determined that an award of $144,513 was "clearly inappropriate" because it would cause her a significant financial hardship that would impact her ability to care for her child, so it reduced the award by one-third to $96,342. It reasoned that although she was in a dire financial position, she likely had some income to sustain her living in the United States, and she presented no evidence that she could not work in the United States to earn income and pay an award.

Kim moved the district court for reconsideration of its judgment for attorney's fees and costs. The district court denied that motion and Kim timely appealed.

## II.

We review an award of attorney's fees for abuse of discretion, and questions of law in reaching a fee award *de novo*. *Rath v. Marcoski*, 898 F.3d 1036, 1309 (11th Cir. 2018). A district court abuses its discretion when it "fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

## III.

Kim makes three primary arguments on appeal. First, she argues that the district court erred by reducing the fee award rather than rejecting it completely because 22 U.S.C. § 9007(b)(3) does not allow for a reduction of the requested fees and costs. Second, she says the district court lacked sufficient evidence to support the fee award. Third, she argues the district court's award was "clearly inappropriate" under ICARA because of her extreme financial hardship. We review the district court's interpretation of ICARA *de novo*, and its fee award and finding that the reduced award was not "clearly inappropriate" for abuse of discretion.

We note that Castang did not file a brief. But an appellee is not required to file a brief, and the lack of opposition does not mean that Kim automatically prevails. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988). Rather, we evaluate the merits of Kim's appeal and address each of her arguments in turn.

Kim's first argument is that ICARA does not allow for the reduction of a fee award. ICARA's fee-shifting provision states that after ordering a child returned, a court "shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner . . . unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). Kim says that, after a district court determines a request fee award is "clearly inappropriate," the district court must deny a motion for fees altogether and has no statutory authority to impose a reduced fee award.

No authority supports Kim's argument. We have broadly recognized that district courts have the authority to reduce a requested award of attorney's fees and costs. *See, e.g.*, *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). And other circuits have acknowledged, at least implicitly, that a district court may reduce a requested ICARA award to one that would be appropriate. *Whallon v. Lynn*, 356 F.3d 138, 139 (1st Cir. 2004); *Rydder v. Rydder*, 49 F.3d 369, 373–74 (8th Cir. 1995). We interpret ICARA "as creating a strong rebuttable presumption in favor of fee-shifting, rebuttable only by a showing from the losing respondent that an award of attorney's fees, costs and expenses would be clearly inappropriate." *Rath*, 898 F.3d at 1311. In so doing, a district court has the authority to determine an award amount that is not clearly inappropriate—even if that award is less than the petitioner requests. Accordingly, the district court did not err in its conclusion that it has the power to impose a reduced fee award.

Kim's second argument is that the district court lacked sufficient evidence to support its pre-reduction award of $144,513. She says the district court impermissibly relied on affidavits that opined on other attorneys' hours worked and had no other evidence to consider for those hours.

In calculating an award of fees and costs, district courts may consider billing records and affidavits, and they may rely on their knowledge and expertise in determining a fee award. *See Barnes*, 168 F.3d at 428. And when, as here, a party opposing a fee award makes a specific objection, the district court's order "should consist of more than conclusory statements." *Id.* But "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

The district court determined the award amount based on the complexity of the case, the number of attorneys that worked on the case, affidavits from some attorneys about their fees and hours worked, the district court's "own experience and knowledge of comparable billable rates" in the area, and the various motions that Kim filed that Castang's attorneys responded to. Kim is correct that not every attorney who worked on the case filed an affidavit regarding their hours worked and their rate. But the two primary attorneys and one paralegal who worked on the case submitted affidavits that they worked for nearly 400 hours on the case at rates

24-12185                Opinion of the Court                7

ranging from $190 an hour to $460 an hour. The district court calculated their total amount billed to be $122,199.50 and found that other attorneys were responsible for billing $13,007.50 for the case. The district court also accepted Castang's costs for travel, interpreter services, translating documents, and court fees to conclude that the total amount of fees and costs was $144,513. We cannot say that the district court abused its discretion in determining that this was a reasonable amount. And even if it did, given the district court's reduction of the award to significantly less than the $122,199.50 for which the district court considered affidavits, any error was harmless. *See Skanska USA Civil Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1309 (11th Cir. 2023) ("An error is harmless unless 'it affects the substantial rights of the parties' such that the reviewing court cannot confidently say that 'the judgment was not substantially swayed by the error.'") (citation omitted).

Finally, Kim argues that she presented evidence that any award would impose a financial hardship on her that would prevent her from caring for her child, and thus any award was "clearly inappropriate." She points to evidence that she had no income or assets, could not afford to travel to visit her child in France, was $5,613.87 in debt, had a monthly deposit of $430.77 and withdrawals of $392, and had no annual income.

We have recognized that a relevant consideration for whether an award is clearly inappropriate is whether "a fee award would impose such a financial hardship that it would significantly impair the respondent's ability to care for the child." *Rath*, 898 F.3d

at 1311. Although we have not yet considered what qualifies as a "financial hardship," district courts in our circuit have. They consider the respondent's financial status, current and future employment, and any special circumstances that could prevent the respondent from paying an award. *See Neiuwenhoven v. Pisani*, No. 5:23-cv-34, 2023 WL 3794568, at *13 (M.D. Fla. May 18, 2023) (holding that reducing an ICARA award by one-third was appropriate when the respondent was not working, was over $50,000 in debt, but did not state she is incapable of working); *Moonga v. Moonga*, No. 1:17-cv-2136, 2018 WL 4026020 (N.D. Ga. Aug. 23, 2018). And when district courts find that a requested fee award would impose a financial hardship, they often reduce the fee award rather than declining to impose an award altogether. *See*, *e.g.*, *Fuentes-Rangel v. Woodman*, No. 2:14-cv-00005, 2015 WL 12999707, at *3 (N.D. Ga. July 29, 2015); *Neiuwenhoven*, 2023 WL 3794568, at *13.

The district court found that an award of $144,513 would impose a financial hardship on Kim that would impair her ability to care for her child, so it reduced the award by one-third. In coming to that conclusion, it considered the evidence Kim now relies on about her financial status. It also reasoned that she likely had some source of income to sustain herself and the absence of any evidence that she could not work in the United States.

We acknowledge that Kim presented evidence of a dire financial position, but we cannot say the district court abused its discretion in concluding that the reduced award was not "clearly inappropriate." Absent some evidence of an inability to earn income,

24-12185            Opinion of the Court                    9

the district court was within its discretion to find that Kim had the ability to work to support herself and pay the costs and fees.

## IV.

The district court is **AFFIRMED**.