[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-11736
_____

D. C. Docket No. 02-21079 CV-KMM

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 24, 2004
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE PIECE OF REAL PROPERTY
LOCATED AT 5800 SW 74TH AVENUE,
MIAMI, FLORIDA, more particularly described
as Lot 3, Block 3 of camner estates according to the
Plat Book 58, at page 21 of the public records of
Dade County, Florida together with all
appurtenances thereto and all improvements thereon,

Defendant,

STEPHEN HABAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 24, 2004)

Before WILSON and KRAVITCH, Circuit Judges, and GOLDBERG[*], Judge.

KRAVITCH, Circuit Judge:

This case involves the forfeiture of property allegedly used to commit or facilitate the commission of a drug crime, in violation of 21 U.S.C. § 881(a)(7). The main issue on appeal is whether the district court properly granted the government's motion for summary judgment when the defendant did not file a memorandum opposing summary judgment. We conclude, after reviewing the record, that there is a disputed issue of material fact and, therefore, summary judgment was inappropriate.

I.     BACKGROUND

In June 2001, the Drug Enforcement Agency and Miami-Dade police officers initiated an investigation into possible marijuana cultivation and distribution activities at the house of Stephen Haban, the defendant. Exactly what happened that day is not clear. According to the government, several officers knocked on Haban's front door. Haban's girlfriend responded and then went to find Haban. A few minutes later, Haban, who had been in the shower, stepped outside wrapped in only a towel. The lead officer informed Haban that they were investigating a marijuana tip and presented Haban with a "consent-to-search" form and a "Miranda rights"

---

[*] Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

form.  Haban initially had reservations about waiving his <u>Miranda</u> rights and began to check the "no" box on the form.  When the police explained the rights more thoroughly, Haban indicated his understanding.  The officer checked the box indicating a waiver and Haban initialed above each checkmark.  Haban also initialed a box stating that he was "willing to answer [any] questions without having a lawyer present," and signed the <u>Miranda</u> form and the consent-to-search form.  The police commenced the search of Haban's house, finding eighty-four live marijuana plants, growing equipment, 767 grams of processed marijuana, and $45,000 in cash.  During this time, Haban made several incriminating remarks.

According to Haban, he did not voluntarily consent to the search of his residence.  Rather, he claims that he only signed the consent-to-search form because the police refused to allow him to speak to a lawyer, although he asked several times.  In addition, he claims that the police told him that he would be forced to wait outside until the police obtained a warrant, and once they obtained that warrant they would tear his house apart and arrest his girlfriend.[1]

---

[1] Based on the evidence seized during the search, Haban faced criminal charges in a Florida state court.  Haban filed a motion to suppress the evidence obtained from the search.  The Florida state court apparently believed Haban's account of the events and granted that motion.  Federal courts, however, are not bound by the state court's decision.  <u>See</u> <u>Elkins v. United States</u>, 364 U.S. 206, 223-24 (1960); <u>United States v. Perchitti</u>, 955 F.2d 674, 675 (11th Cir. 1992).

The United States brought a forfeiture action, claiming that Haban's residence was used to commit, or facilitate the commission of, a drug crime, in violation of 21 U.S.C. § 881(a)(7). On November 1, 2002, Haban filed a motion to suppress the evidence seized during the search, and to suppress the statements he made during the interview with law enforcement agents. The magistrate judge held an evidentiary hearing on January 14 and 16, 2003, and, on January 23, 2003, issued an order recommending denial of the suppression motion. Previously, on November 27, 2002, while the suppression motion was pending but prior to the suppression hearing, the United States filed a motion for summary judgment. Haban never responded to this motion and, on January 31, 2003, the district court granted summary judgment for the United States. At the same time, the district court denied all pending motions, including Haban's suppression motion, as moot.

II.    STANDARD OF REVIEW AND RULES OF LAW

We review a district court's grant of summary judgment de novo. Pennington v. City of Huntsville, 261 F.3d 1262, 1265 (11th Cir. 2001). We view the facts and inferences in the light most favorable to the non-moving party. Id. Where "the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). Thus, summary judgment, even when unopposed, can only be entered when "appropriate."

4

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). Thus, the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. See id. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."). In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary

5

judgment must "indicate that the merits of the motion were addressed."[2] Dunlap, 858 F.2d at 632.

Finally, local rules cannot provide that summary judgment by default is appropriate. Rule 83 of the Federal Rules of Civil Procedure requires that local rules be consistent with the Federal Rules. If a local rule purports to allow summary judgment to be granted by default, the rule is impermissible.

III.    ANALYSIS

A review of the record indicates that there was a genuine issue of material fact as to whether the search of Haban's house was legal, which made summary judgment inappropriate. The government represents that the search of Haban's house was a valid consent search, but the deposition of Haban's girlfriend contradicts this proposition, indicating that there is a genuine issue of material fact as to whether Haban voluntarily consented to the search of his house, and, therefore, whether the

---

[2] The district court's order granting summary judgment, in relevant portion, stated only that: "THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised of the premises. It appearing that the Defendant has not responded to the motion for Summary Judgment, it is ADJUDGED that the motion is, GRANTED by default." Although the order states that the district court considered the "pertinent portions of the record," from this language, we cannot determine specifically which portions of the record the district court actually considered. Moreover, the fact that the court granted summary judgment "by default" suggests that the district court may not have reviewed all of the required portions of the record. We need not decide the case on this basis, however, because our review of the record convinces us that there is a genuine issue of material fact that made summary judgment inappropriate.

search was legal.[3]  The government's summary judgment motion states: "On June 15, 2001, a consent search was executed at the defendant property . . . ."  Similarly, the government's "Statement of Undisputed Facts in Support of its Motion for Summary Judgment" reads: "Steven J. Haban answered the door and provided oral and written consent to search the defendant property."  The deposition of Beth Yannuci Sahmie, Haban's girlfriend, however, suggests that Haban's consent was involuntary.  Her deposition was attached to the government's motion for summary judgment.[4]

Sahmie's deposition statements suggest that the circumstances under which Haban consented to the search may have been coercive.  Sahmie was present during the events leading up to the search.  She stated that, a short while after summoning Haban, someone called her to the front door.  As she was walking to the front door, an officer with a gun greeted her and escorted her outside.  Once outside, Sahmie heard Haban ask to speak with an attorney several times, but, each time, the officers refused to allow him to do so.  According to Sahmie, the police also refused Haban's request to make a telephone call and his request to obtain more clothing.[5]  In addition,

---

[3] The Fourth Amendment exclusionary rule applies in civil forfeiture actions. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965).  Without the evidence from the search, there is no evidence to support the government's position.

[4] We confine our review of the record in this case to the materials submitted by the United States in support of its summary judgment motion.

[5] Haban was still dressed in only a towel.

7

she alleged that the police told Haban he had to sign the consent-to-search form, and, if he did not do so, he would be forced to wait until they got a warrant, at which time they would "tear his house apart and arrest his girlfriend." Finally, she claimed that when Haban "went to sign the [form]", the police said "no, no, no, not there," and had him resign it. Apparently, Haban began to sign the blank that indicated a refusal to waive his rights and consent to the search. The police, however, allegedly stopped him, and only then did he sign the blank indicating that he was aware of, and waived, his rights. These facts, if true, indicate that the search was not consensual and that its eventual occurrence was, therefore, illegal. Thus, Sahmie's deposition creates a genuine issue of material fact as to what happened on the day of the search, and as to

whether the search was legal.[6] Summary judgment should not have been granted on such a record.[7]

For the foregoing reasons, we reverse the decision of the district court granting the government's motion for summary judgment. We remand the case for proceedings consistent with this opinion.

REVERSED and REMANDED

---

[6] The government contends that, under the local rules, its Statement of Undisputed Facts was "deemed admitted" by Haban because it was not "controverted by the opposing party's statement." S.D. Fla. L.R. 7.5(D). Such facts are only "deemed admitted . . . to the extent [that they are] supported by specific references to the [record]." Id. The government supports its statements with citations to the record, and, thus, under the local rule, they would appear to be admitted. The district court must, however, review the record and determine if there is, indeed, no genuine issue of material fact. Because a review of the record indicates a disputed issue of material fact, summary judgment could not be granted. To the extent that Local Rule 7.5(D) permits the district court to grant summary judgment without a review of the record, that rule is inconsistent with Federal Rule of Civil Procedure 56, and, therefore, void.

We also note that the government's summary judgment motion acknowledged that summary judgment would not be appropriate if the evidence obtained from the search was suppressed. The motion stated: "Should the court *deny* claimant's [suppression] motion, then this Motion for Summary Judgment is ripe for consideration and ruling." (Emphasis added.)

In addition, we recognize that Haban filed objections to the magistrate's recommendation on the suppression issue. Although required to do so, the district court did not make a de novo review of these objections. 28 U.S.C. § 636(b)(1).

[7] As stated above, supra n.3, the evidence from the search is necessary to support the government's position. The district court should have ruled on the suppression motion prior to considering the government's summary judgment motion in order to determine what evidence it could consider on summary judgment.