UNITED STATES of America, Plaintiff,

v.

Edward SUMPOLEC, individually and d/b/a as Thermakool, Thermacool, and Energy Conservation Specialists, Defendant.

Case No. 6:09–cv–378–Orl–35KRS.

United States District Court, M.D. Florida.

Sept. 9, 2011.

Philip M. Toomajian, U.S. Department of Justice, Washington, DC, Scott H. Park, U.S. Attorney's Office, Orlando, FL, for Plaintiff.

James T. Moriarty, James T. Moriarty, New York, NY, Luis Davila, Davila & Torres, PA, Kissimmee, FL, for Defendant.

## *ORDER*

MARY A. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Summary Judgment (Dkt. 42) to which no timely response has been filed. Upon consideration of all relevant filings and case law and being otherwise fully advised, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. 42) as set forth herein.

## I. BACKGROUND

### A. Case History

This matter arises out of the allegedly unlawful advertising practices of Defendant Edward Sumpolec, an individual who has conducted business as ThermalKool, Thermalcool, and Energy Conservation Specialists. (Dkt. 1 at ¶¶ 4, 6; Dkt. 22 at ¶ 1.) Mr. Sumpolec, as the owner, operator and sole employee of Energy Conservation Specialists, sold radiant barriers and liquid coating products that were designed to stop heat flow and thereby conserve energy. (Dkt. 1 at ¶¶ 6, 7, 8; Dkt. 22 at ¶¶ 2, 5, 9; Dkt. 42–1 at 6.) In October 2007, the Federal Trade Commission ("FTC") issued a civil investigative demand ("CID") to Defendant Sumpolec requesting answers to written interrogatories as well as the production of advertisements and related documents disseminated by and pertaining to the Energy Conservation Specialists business. (Dkt. 42–3 at 3, 10–11.) On November 15, 2007, the FTC issued a second CID relating to the Defendant's individual involvement in the Energy Conservation Specialists business. (Dkt. 42–3 at 14–25.)

On February 26, 2009, the United States filed a five-count Complaint in this Court, alleging that the Defendant violated the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45(a) and 57a, as well as provisions of the R-value Rule, 16 C.F.R. Part 460, by engaging in "unlawful practices in connection with the marketing and sale of liquid coating and radiant barrier insulation products." (Dkt. 1 at 6.) Defendant filed an Answer to the Complaint on February 26, 2010. (Dkt. 22.) The Government filed its Motion for Summary Judgment on December 17, 2010. (Dkt. 42.) The Government seeks summary judgment on the issue of liability under the FTCA and states that the "amount of any such [civil] penalty will need to be determined later." (Dkt. 42 at 24.) Defendant Sumpolec has failed to file a response to the Motion for Summary Judgment, and the deadline to do so has expired.

### B. Undisputed Facts

Defendant Edward Sumpolec conducted business as ThermalKool, Thermalcool, and Energy Conservation Specialists. (Dkt. 1 at ¶¶ 4, 6; Dkt. 22 at ¶ 1.) Defendant Sumpolec engaged in the advertising, offering for sale, sale, or distribution of at least two types of products for home, commercial, and industrial applications—liquid coatings and foil radiant barriers—through internet-based stores, including a store on eBay. (Dkt. 1 at ¶¶ 6, 7, Dkt. 22 at ¶¶ 2, 3.) Mr. Sumpolec acknowledges in deposition testimony that advertisements for his products describe their effectiveness in terms of R-values.[1] (Dkt. 42–1 at 8; Dkt. 42–1 at 11; Dkt. 42–1 at 14.) Mr. Sumpolec also acknowledges in his deposition that advertisements for his products contain claims that his products provide energy savings between 40% and 60% on utility bills (Dkt. 42–1 at 10; Dkt. 42–1 at 12; Dkt. 42–1 at 14; Dkt. 42–1 at 15).

---

1. "R-value is the numerical measure of the ability of an insulation product to restrict the flow of heat and, therefore, to reduce energy costs—the higher the R-value, the better the product's insulating ability." 14 C.F.R. Part 460.

## II. LEGAL STANDARD

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir.2009) (citing *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir.2007)). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). Evidence is reviewed in the light most favorable to the non-moving party. *Fennell*, 559 F.3d at 1216 (citing *Forman*, 509 F.3d at 1356).

A moving party discharges its burden by showing that there is an absence of evidence to support the non-moving party's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir.2001) (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1321 (11th Cir.2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir.1985) ("conclusory allegations without specific supporting facts have no probative value").

Under Rule 56(e) of the Federal Rules of Civil Procedure, "If a party ... fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." Fed.R.Civ.P. 56(e)(2). However, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir.2008) (quoting *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004)). A district court considering an unopposed motion for summary judgment is not required to undertake a *sua sponte* review of all the evidentiary materials on file but must review all evidentiary materials submitted in support of the motion and indicate that the merits of the motion were addressed. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir.2004).

## III. DISCUSSION

### A. Defendant's Individual Liability

 As a preliminary matter, the Court finds that Defendant Sumpolec is subject to individual liability for his role in the placement of the advertisements that form the basis for this action. Under the FTCA, an individual defendant can be held liable for the acts of a corporation if the individual "participated directly in the practices or acts or had authority to control them" and the individual "had some knowledge of the practices." *F.T.C. v. Gem Merch. Corp.*, 87 F.3d 466, 470 (11th Cir.1996) (citing *F.T.C. v. Amy Travel Serv., Inc.*, 875 F.2d 564, 573 (7th Cir. 1989)).

Defendant Sumpolec admits in deposition testimony that he was the owner and sole employee of Energy Conservation Specialists. (Dkt. 42–1 at 6.) Defendant Sumpolec also admits that he placed advertisements regarding his products on the E–Bay and on the website of Energy Conservation Specialists. (Dkt. 42–1 at 6.) On

the basis of these admissions, the Court finds that Defendant Sumpolec participated directly in the acts that give rise to this action and had knowledge of those acts. Accordingly, the Court finds that Defendant Sumpolec is subject to individual liability under 15 U.S.C. § 57a and the relevant regulations of the R-value Rule, 16 C.F.R. Part 460.

## B. Liability under Count I—Violation of 15 U.S.C. § 57a

The Court finds that the Government is entitled to summary judgment on the Defendant's liability under 15 U.S.C. § 57a, which prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a); *see also* *F.T.C. v. USA Fin., LLC,* 415 Fed.Appx. 970, 973 (11th Cir.2011). An advertisement is "illegal if it contains a false claim inducing the purchase of a product inferior to the product the consumer bargained for." *Carter Prods., Inc. v. F.T.C.,* 323 F.2d 523, 528 (5th Cir.1963). To establish liability under the 15 U.S.C. § 45(a), the Government must establish that (1) there was a representation; (2) the representation was likely to mislead customers acting reasonably under the circumstances; and (3) the representation was material. *F.T.C. v. Tashman,* 318 F.3d 1273, 1277 (11th Cir.2003).

In support of its position, the Government proffers a number of advertisements it claims were placed by Defendant since 2007. These advertisements include claims that (1) Defendant's products possessed R-values ranging from R–53 to R–100; and (2) Defendant's products can reduce energy bills by between 40% and 60%. (Dkt. 42–1 at 9, 10, 14, 52, 59, 64, 152.) In his filings with the Court and in his deposition testimony, Defendant has not denied placing any of the subject advertisements. As such, the Court finds that Defendant Sumpolec made the repre-

sentations contained in the advertisements submitted by the Government.

The Government maintains that the claims regarding the R-value and energy savings in the advertisements placed by Defendant Sumpolec are false and unsubstantiated. (Dkt. 42 at 13.) The Government relies upon the report of its expert witness who, after reviewing the subject advertisements, opines that: (1) the advertised R-values and energy savings claims for coatings and radiant barriers in this case are not based on test data and do not have a reasonable technical basis; (2) the performance claims in this case for coatings and paint additives are not based on reasonable technical data and are false and misleading; (3) the R-value claims in this case are not based on tests required by 16 C.F.R. Part 460 and do not represent or approximate the performance of radiant barriers; and (4) the advertising and marketing in this case did not provide consumers with reliable data or have a scientific basis. (Dkt. 42–7 at 2.)

Defendant Sumpolec, for his part, failed to file a response to the Motion for Summary Judgment and otherwise failed to provide any countervailing evidence or demonstrate any specific facts showing that there is a genuine issue for trial. Defendant Sumpolec suggests throughout his deposition that the claims in his advertisements are not false (*see* Dkt. 42–1), but he provides no competent evidence to refute the Government's expert report. Defendant Sumpolec also contends that his radiant barrier and liquid coating products are not conventional insulation because they "stop" heat from entering or exiting a structure, while conventional insulation only "slows down" the heat flow. (Dkt. 42–1 at 6; Dkt. 22 at 9.) Although he acknowledges that certain advertisements refer to his products in terms of R-values, such as "Radiant Barrier (R–53)" and

"Thermalkool (R–100)—Roof and Wall Coatings," Defendant Sumpolec explains that these statements are "typos." (Dkt. 42–1 at 9, 10, 14, 52.) According to Mr. Sumpolec, the advertisements should state that his products are "equal to" or "equal" the stated R-value, a claim he argues is justified based on the performance of his products as compared with conventional insulation. (Dkt. 42–1 at 9, 10, 14.)

■ The Court finds that Defendant is subject to liability under 15 U.S.C. § 45(a). Defendant has made representations in his advertisements regarding the R-value of his products that have been shown by competent evidence to be false. (Dkt. 42–7 at 2.) Though Defendant claims in deposition testimony that his products are not conventional insulation, the Court rejects this argument. The subject advertisements repeatedly employ terminology including R-values and other terms associated with conventional insulation that would lead a reasonable consumer to conclude that the products are insulation. By arguing that his products are not conventional insulation and that the advertisements should state that his products are "equal to" or "equal" the stated R-value, Defendant essentially admits that many of his advertisements, on their face, represent that his products have a certain R-value that they in fact do not possess.

■ The Court finds that this misrepresentation is likely to mislead customers who would reasonably assume that a product advertised using the standard measurement of R-value would possess the R-value advertised. The "misleading effects" of these representations are also material in that they are "likely to affect consumers' decisions" to purchase Defendant's products. *F.T.C. v. Atlantex Assocs.*, No. 87–0045–CIV–NESBITT, 1987 WL 20384, at *11 (S.D.Fla. Nov. 25, 1987) *aff'd* 872 F.2d 966 (11th Cir.1989). Though Defendant attempts to explain his misrepresen-

tations by characterizing them as typographical errors, this explanation, at most, goes to his intent in placing the subject advertisements. However, a defendant "cannot avoid liability under 15 U.S.C. § 45(a) by showing that he acted in good faith because the statute does not require an intent to deceive." *F.T.C. v. USA Fin., LLC,* 415 Fed.Appx. 970, 974 n. 2 (11th Cir.2011). Therefore, even if the representations regarding the R-values were typographical errors and not the product of intentional deception, Defendant's repeated false claims regarding the R-values of his products give rise to liability under 15 U.S.C. § 45(a).

■ Defendant's claims regarding his products' ability to provide energy savings also subject him to liability under 15 U.S.C. § 45(a). Defendant repeatedly claims in his advertisements that his products can reduce a home's utility bill by 40% to 60%. (Dkt. 42–1 at 59: "Reasons for Thermalkool [liquid coating product]: Saves 40 to 60% on utility bills"; Dkt. 42–1 at 64: "This [liquid coating product] will cut any home's energy bill 40–60%"; Dkt. 42–1 at 152: "This package is based on a 1000 sft of coverage for all 3 items depending on the size of your home this is all that you will need to drop you homes energy bill between 40 to 60% GUARANTEED.") During his deposition, Defendant did not deny placing these advertisements or disclaim the purported energy savings made therein. (Dkt. 42–1 at 10, 12, 15.)

The Government's expert states in his report that the claimed energy saving from Defendant's liquid coating product "is not substantiated by any technical data. The claim is primarily for attic or roof applications. This claim is not valid since the utility load coming from the roof section does not constitute 40% of the heating and cooling load." (Dkt. 42–7 at 5.) With respect to the radiant barrier products, the expert report states that the energy sav-

ings for radiant barriers are "highly dependent on climate" and concludes that the energy savings claims for radiant barriers claims are "without justification." (Dkt. 42–7 at 8–9.) Finally, the report concludes that "the advertising claims for both radiant barrier products and coatings are gross exaggerations of thermal performance that are not supported by any type of empirical evidence or scientific information." (Dkt. 42–7 at 9.) Again, Defendant Sumpolec has not offered any contrary evidence that could create a material dispute of fact regarding his energy savings claims.

Based on the Government's expert report and Defendant Sumpolec's admissions in his deposition testimony, the Court finds that Defendant Sumpolec has published misrepresentations regarding the energy savings produced by his products. The Court further finds that these claims are material misrepresentations that are likely to induce customers into purchasing Defendant's products under the reasonable but mistaken belief that these items could deliver the quantifiable energy savings claimed in their advertising. Therefore, in light of the evidence before it, the Court finds that the Government is entitled to summary judgment against Defendant Sumpolec pursuant to 15 U.S.C. § 45(a) for making false and unsubstantiated claims regarding the R-values and energy savings provided by his products.

### C. Liability under Count II—Violation of 16 C.F.R. § 460.5

 The Court finds that Defendant is also liable under for failing to comply with 16 C.F.R. § 460.5, which requires that R-values given in "labels, fact sheets, ads, or other promotional materials" be based on certain testing methods specified in the rule. 16 C.F.R. § 460.5. Plaintiff maintains that Defendant Sumpolec violated this section of the R-value Rule because he repeatedly made R-value claims regarding

his liquid coating products that were not based on test procedures required by 16 C.F.R. § 460.5. (Dkt. 42 at 13.)

Defendant Sumpolec repeatedly contends in his deposition that his R-value claims related to his liquid coating products are based on tests conducted on his own house, but he never references any of the tests that are specifically approved in 16 C.F.R. § 460.5. (*See* Dkt. 42–1.) Defendant Sumpolec additionally testified that he relied on tests that were "already done ... by the manufacturers of the radiant barriers and the coatings." (Dkt. 42–1 at 7.) However, none of the testing purportedly conducted by the manufacturer is in the record for review. Defendant also admits in several places that "didn't perform any tests for R–Values at all" and that he did not hire anyone to test his products because "they speak for themselves." (Dkt. 42–1 at 18, 7.)

In light of this testimony and in the absence of any evidence to the contrary, the Court concludes that Defendant Sumpolec did not comply with the requirements of 16 C.F.R. § 460.5 because his R-value claims regarding his liquid coating products are not based on any of the testing methods specified in this regulation. Accordingly, the Government is entitled to summary judgment on Count II of its Complaint.

### D. Liability under Count III—Violation of 16 C.F.R. § 460.14

 The Court additionally finds that the United States has established liability against Defendant Sumpolec for violations of 16 C.F.R. § 460.14, which governs the circumstances under which sellers of insulation products must make "fact sheets" available to customers. 16 C.F.R. § 460.14 provides as follows:

> If you sell insulation to do-it-yourself customers, you must have fact sheets for the insulation products you sell. You

must make the fact sheets available to your customers. You can decide how to do this, as long as your insulation customers are likely to notice them. For example, you can put them in a display, and let customers take copies of them. You can keep them in a binder at a counter or service desk, and have a sign telling customers where the fact sheets are. You need not make the fact sheets available to customers if you display insulation packages on the sales floor where your insulation customers are likely to notice them and each individual insulation package offered for sale contains all package label and fact sheet disclosures required by §§ 460.12 and 460.13.

16 C.F.R. § 460.14. The substantive requirements for all fact sheets are governed by 16 C.F.R. § 460.13, which requires, *inter alia,* that all fact sheets carry a statement regarding R-values in twelve point font that begins with "Read This Before You Buy." 16 C.F.R. § 460.13(e).

The Government contends that Defendant Sumpolec "failed to provide any fact sheets in response to the FTC CIDs and did not provide any during the discovery phase of litigation." (Dkt. 42 at 15–16.) Defendant Sumpolec also failed to provide the Court with any fact sheets in response to Motion for Summary Judgment. After reviewing all of the advertisements submitted by the Government in conjunction with this case, the Court observes that a substantial number of the advertisements [2] placed by Defendant Sumpolec do not give consumers any notice that fact sheets were available in a manner that customers would be "likely to notice them." (Dkt.

42–1 at 51–175; Dkt. 42–3 at 38–243; Dkt. 42–4 at 1–43.) These advertisements do not make any mention of fact sheets at all. The Court finds that, by omitting any mention of fact sheets in many of his advertisements, Defendant Sumpolec violated 16 C.F.R. § 460.14.

Although Defendant Sumpolec suggests in deposition testimony that he attached fact sheets to the products he shipped (Dkt. 42–1 at 23), his failure to provide exemplar fact sheets to the Court prevents it from determining whether the fact sheets he purportedly shipped comply with the regulatory requirements. Moreover, even if Defendant Sumpolec did attach a fact sheets to each product he shipped, 16 C.F.R. § 460.14 contemplates the provision of fact sheets *prior to* the sale of insulation. *See* 16 C.F.R. § 460.14 (requiring sellers to display fact sheets in a manner that customers are "likely to notice them"); 16 C.F.R. § 460.12 (requiring fact sheets to include a statement beginning with "Read This Before You Buy"). Defendant Sumpolec's assertion that he provided fact sheets to consumers after the sale of his insulation products has no bearing on his compliance with 16 C.F.R. § 460.14. Accordingly, based on the foregoing, the Court finds that the Government is entitled to summary judgment on its claim that Defendant Sumpolec has not complied with 16 C.F.R. § 460.14.

**E. Liability under Count IV—Violation of 16 C.F.R. § 460.18**

 The Court finds that Defendant Sumpolec is also liable for his failure to comply with 16 C.F.R. § 460.18. Under 16 C.F.R. § 460.18, a seller of insulation plac-

---

2. The Court recognizes that certain advertisements placed by Defendant Sumpolec contain statements notifying consumers of the availability of fact sheets. (*See, e.g.,* Dkt. 42–4 at 45, 46, 49, 54, 59, 80, 82, 84; Dkt. 42–5 at 20, 22.) However, because Defendant Sumpolec has failed to provide fact sheet exemplars, the Court, nonetheless, finds that summary judgment on Defendant Sumpolec's liability under 16 C.F.R. § 460.14 is warranted for these advertisements.

ing an advertisement is required to comply with the following conditions:

(a) If your ad gives an R-value, you must give the type of insulation and the thickness needed to get that R-value. Also, add this statement explaining R-values: "The higher the R-value, the greater the insulating power. Ask your seller for the fact sheet on R-values."

(b) If your ad gives a price, you must give the type of insulation, the R-value at a specific thickness, the statement explaining R-values in paragraph (a) of this section, and the coverage area for that thickness. If you give the price per square foot, you do not have to give the coverage area.

. . .

(d) If your ad compares one type of insulation to another, the comparison must be based on the same coverage areas. You must give the R-value at a specific thickness for each insulation, and the statement explaining R-values in paragraph (a) of this section. If you give the price of each insulation, you must also give the coverage area for the price and thickness shown. However, if you give the price per square foot, you do not have to give the coverage area.

16 C.F.R. § 460.18.

The Government contends that Defendant Sumpolec violated each of these subsections by making R-value claims in his online advertisements without including the disclosures required under this regulation. (Dkt. 42 at 17–18.) Defendant Sumpolec has failed to offer any evidence or argument to the contrary. The Court, having reviewed the advertisements submitted by the Government, finds that Defendant Sumpolec has failed to comply with the cited requirements of 16 C.F.R. § 460.18. Accordingly, The United States is entitled to summary judgment on Defendant Sumpolec's liability for these violations.

## F. Liability under Count V—Violation of 16 C.F.R. § 460.19

 Defendant Sumpolec is also subject to liability for his failure to comply with 16 C.F.R. § 460.19. This regulation provides in relevant part as follows:

(a) If you say or imply in your ads, labels, or other promotional materials that insulation can cut fuel bills or fuel use, you must have a reasonable basis for the claim.

(b) If you say or imply in your ads, labels, or other promotional materials that insulation can cut fuel bills or fuel use, you must make this statement about savings: "Savings vary. Find out why in the seller's fact sheet on R-values. Higher R-values mean greater insulating power."

. . .

(f) Keep records of all data on savings claims for at least three years. For the records showing proof for claims, the three years will begin again each time you make the claim. Federal Trade Commission staff members can check these records at any time, but they must give you reasonable notice first.

16 C.F.R. § 460.19. The Government maintains that Defendant Sumpolec's claims that his products can reduce energy consumption by 40% to 60% violate 16 C.F.R. § 460.19(a) because these claims lack a reasonable basis. The Court agrees. Defendant Sumpolec has failed to support this assertion, which repeatedly appears in his advertisements. The Government has proffered expert testimony demonstrating the falsity of the claim, to which Defendant Sumpolec has failed to respond. In light of this evidence, the Court finds that Defendant Sumpolec violated 16 C.F.R. § 460.19(a).

■ The Government also contends that Defendant Sumpolec violated 16 C.F.R. § 460.19(b) by failing to include the required statement regarding energy savings in his advertisements. Defendant Sumpolec repeatedly failed to include the required language in a number of his advertisements [3] that claims that his insulation products can reduce fuel bills or fuel use. The omission of this required disclosure violates 16 C.F.R. § 460.19(b).

■ Finally, the Government claims that Defendant Sumpolec failed to retain records of data on each of his energy savings claims for three years, as required under 16 C.F.R. § 460.19(f). Defendant has not responded to this claim or come forward with evidence to refute the Government's assertion that he failed to keep the required records. In light of this omission, the Court finds that Defendant Sumpolec violated 16 C.F.R. § 460.19(f) by failing to retain records of data regarding his energy savings claims for three years after making the claims. Based on the foregoing, the Court finds that the Government is entitled to summary judgment against Defendant Sumpolec's for his violations of 16 C.F.R. § 460.19.

## IV. CONCLUSION

Upon consideration, it is hereby **ORDERED** as follows:

1) The Motion for Summary Judgment (Dkt. 42) filed by the United States of America is **GRANTED.**

2) The **Clerk** is directed to **enter final judgment** in favor of the United States of America on Defendant Sumpolec's liability for violation of all counts in the Complaint and **ADMINISTRATIVELY CLOSE** this case pending the Government's submission of a motion for civil penalties.

3) Upon proper motion, the Court will consider the imposition of civil penalties against Defendant Sumpolec. Within thirty (30) days of the date of this Order, the Government is **DIRECTED** to file a motion for civil penalties containing legal authority regarding the appropriateness and the amount of penalties, with specific reference to the number of offending advertisements to which any penalties would correspond. Should the Government decide that it does not seek to have the Court impose civil penalties against Defendant Sumpolec, the Government shall advise the Court of that decision within **thirty (30)** days of the date of this Order.

---

3. The Court is mindful that a limited number of the advertisements placed by Defendant Sumpolec comply with this regulatory provision. (*See, e.g.,* Dkt. 42–4 at 45.) These advertisements do not provide the basis for the entry of summary judgment on Defendant Sumpolec's liability under 16 C.F.R. § 460.19(b).