NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3661
_____

AIMAL KHAN,
 Appellant

v.

PENN STATE – MILTON S. HERSHEY MEDICAL CENTER HOSPITAL
PENN STATE COLLEGE OF MEDICINE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-11-cv-00128)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2014
Before: HARDIMAN, NYGAARD and ROTH , Circuit Judges

(Opinion filed: June 13, 2014)
_____

OPINION
_____

PER CURIAM

 Aimal Khan appeals pro se from the District Court's order granting summary

judgment in favor of the Milton S. Hersey Medical Center ("MSHMC") and dismissing

his complaint.  We will affirm.

In early 2011, Khan filed a complaint in the District Court. In his Second Amended Complaint (hereinafter "the complaint"), Khan alleged that, in retaliation for taking leave under the Family and Medical Leave Act in late 2007 and early 2008, MSHMC failed to renew his residency fellowship in 2010. He also argued that MSHMC treated him differently than the other residents in his program on account of his use of FMLA leave, and he charged MSHMC with breach of contract, tortious interference with prospective contractual relations, and negligent and intentional infliction of emotional distress. He sought attorney's fees, prospective injunctive relief, lost pay, and damages.

MSHMC filed a motion to dismiss, which the District Court granted as to all claims except Khan's retaliation claim. After discovery, MSHMC moved for summary judgment, arguing, inter alia, that (1) a two-year statute of limitations should apply to Khan's claims pursuant to 29 U.S.C. § 2617(c); (2) Khan had not established a prima facie case of retaliation under the FMLA, as he had not suffered an adverse employment action and had not demonstrated a causal relationship between his FMLA leave and the non-renewal of his residency; and (3) even assuming Khan had established a prima facie case, MSHMC had articulated legitimate non-retaliatory reasons for its decision not to renew Khan's residency.

Khan then requested three extensions of time to file an opposition to summary judgment, each of which was granted by the District Court. In granting the third extension, the District Court stated that it would be the final extension. On the last day of

his third extension, Khan requested a fourth extension. The District Court denied his request and, ruling on the motion for summary judgment, determined that Khan had failed to establish a prima facie case of retaliation under the FMLA. Accordingly, the District Court granted MSHMC's motion for summary judgment. Khan appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review for abuse of discretion the District Court's decision to deny Khan's motion for an extension. Drippe v. Tobelinski, 604 F.3d 778, 779 n.1, 783 (3d Cir. 2010). We exercise plenary review over the District Court's decision granting summary judgment. See Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For the following reasons, we will affirm.

## III.

Khan challenges, first and foremost, the District Court's decision to deny his fourth request for an extension of time to file a brief in opposition to MSHMC's motion for summary judgment. "[M]atters of docket control . . . are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982); see also Fed. R. Civ. P. 6(b)(1). In granting Khan's third request for an extension, the District Court noted that it had already granted two prior requests and that Khan had already had over three months to file his brief in opposition to summary

3

judgment. The District Court then warned that the third extension would be the "final extension," and that, should Khan fail to file his brief in opposition to summary judgment within 20 days of the District Court's order, the District Court "may, in its discretion, grant Defendant's motion and dismiss the case with prejudice." In light of the number of extensions that Khan received, the amount of time that Khan had to file his opposition brief, and the explicitness of the District Court's warning that the third extension was to be the final extension, we conclude that the District Court did not abuse its discretion in denying Khan's fourth request for an extension of time to file a brief in opposition to summary judgment.[1]

Khan also alleges that the District Judge was biased against him and treated him "unjustly" by denying his fourth motion for an extension. We note that Khan did not seek recusal in the District Court. In any event, a judge must recuse "if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality . . . ." Id. at 167. However, "a party's displeasure with legal rulings does not

---

[1] The District Court then properly turned to the merits of MSHMC's motion for summary judgment. See e.g., United States v. One Piece of Real Prop., 363 F.3d 1099, 1101 (11th Cir. 2004) (noting that a district court should not "base the entry of summary judgment on the mere fact that the motion was unopposed"). However, Khan failed in his briefing to us to raise any challenge to the correctness of the District Court's grant of summary judgment. Thus, that issue is waived. See United States v. Pelullo, 399 F.3d 197, 201 n.2 (3d Cir. 2005) (stating that where "an appellant fails to raise an issue in an appellate brief, even if it was listed in the Notice of Appeal, it is deemed waived"). Similarly, to the extent that Khan wished to appeal the District Court's dismissal of his claims for attorney's fees, breach of contract, tortious interference with prospective contractual relations, and negligent and intentional infliction of emotional distress, he failed to raise those issues in his appellate brief. See id.

4

form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Here, the sole basis for Khan's allegation of bias is the ruling against him. Moreover, Khan has not shown any appearance of partiality. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166 (3d Cir. 2004). The District Judge did not err by failing to recuse himself sua sponte.

In light of the foregoing, we will affirm the District Court's judgment in favor of MSHMC.