[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11064
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00090-LGW-RSB


KAREN L. HAVEN,

Plaintiff-Appellant,

versus

THE BOARD OF TRUSTEES OF THREE RIVERS
REGIONAL LIBRARY SYSTEM,
LINDA KEAN,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 27, 2015)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Karen Haven appeals the district court's dismissal of her complaint against her former employer, alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, for lack of subject-matter jurisdiction.  The court concluded that the defendant, the Board of Trustees of Three Rivers Regional Library System (the "Library"), was entitled to Eleventh Amendment immunity because it was "uncontestedly an arm of the state" of Georgia.  Haven argues that the district court failed to analyze whether the Library was entitled to Eleventh Amendment and that dismissal for subject-matter jurisdiction was inappropriate because the Library is not an arm of the state.  After careful review, we vacate and remand for further proceedings.

**I.**

Karen Haven filed this employment-discrimination lawsuit under the ADEA against the Library and Linda Kean, the Library Director, in the United States District Court for the Southern District of Georgia.  According to the complaint, Haven was hired as the Head of Technical Services for the Library in 1999.  She was laid off in 2011, at the age of fifty-one, purportedly due to budget cuts.  Haven claimed that her termination was based on her age because she and two other older, more experienced librarians were laid off, while the Library retained two younger, less qualified librarians.

2

Haven also asserted that the Library retaliated against her for filing a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC").  According to the complaint, Kean placed a copy of the EEOC charge, along with notes Kean had prepared after Haven's termination that reflected negatively on Haven's job performance, in her personnel file.  When the personnel file was requested by a prospective employer, it caused the prospective employer to withdraw an employment offer it had made to Haven.[1]

After discovery, the Library moved for summary judgment.  The Library argued that it was entitled to immunity under the Eleventh Amendment as an "arm of the state," citing to this Court's decision in *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (*en banc*).  Further, the Library contended, the exception to Eleventh Amendment immunity set forth in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), allowing certain claims for prospective and injunctive relief, did not apply. The Library also claimed that it was entitled to summary judgment on the merits of Haven's discrimination and retaliation claims.

Thereafter, Haven moved for leave to file an amended complaint in order to, among other things, make clear that she was "seek[ing] prospective and injunctive relief against Defendants to prevent a continuing and ongoing violation of federal

---

[1] Haven also raised a state-law tort claim against Kean, personally, but the district court ultimately granted summary judgment as to this claim, and Kean does not appeal this portion of the district court's decision.

3

law, under the *Ex parte Young* doctrine." She argued that amendment was necessary because she was unaware of the Library's immunity defense until it filed the motion for summary judgment. The Library opposed the motion, which a magistrate judge later denied after concluding that Haven failed to demonstrate good cause to amend. Haven did not appeal this ruling to the district court.

While her motion for leave to file an amended complaint was still pending, Haven filed a brief in opposition to the Library's motion for summary judgment. In the brief, she did not argue that the Library was not an arm of the state. Rather, she asserted that the defense of immunity was not timely raised and that there were material factual disputes about whether the *Ex parte Young* exception applied. Haven also argued the merits of her claims, contending that genuine disputes of material fact existed that precluded granting summary judgment. The Library replied, reiterating the arguments it raised before.

On November 12, 2014, the district court granted the Library's motion for summary judgment and dismissed Haven's ADEA complaint for lack of subject-matter jurisdiction. The court first addressed its authority to rule on the immunity question. It noted that the Library arguably did not properly raised the defense of immunity because it did not timely invoke the doctrine, and it improperly framed the issue as a defense on the merits. Nevertheless, the court determined that it could consider Eleventh Amendment immunity *sua sponte*. The court then

4

summarily concluded that "the Library is entitled to Eleventh Amendment sovereign immunity (whether it properly raised that defense or not)" and then "examin[ed] whether the *Ex parte Young* doctrine provides an exception to that immunity." The court began its analysis of whether the *Ex parte Young* exception applied by stating, "Here, the Library is uncontestedly an arm of the state." (*Id.* at 12). Ultimately, the court concluded that the exception did not apply, so it dismissed Haven's ADEA claims for lack of jurisdiction.

Two days before entry of the district court's summary-judgment order, this Court issued its decision in *Lightfoot v. Henry County School District*, 771 F.3d 764 (11th Cir. 2014), which held that the Henry County School District was not an "arm of the state" of Georgia, so it was not immune from damages suits under the Eleventh Amendment. Shortly thereafter, the district court in this case requested that the parties address whether *Lightfoot* changed the court's conclusion that the Library is an arm of the state and therefore immune.

In its brief in response, the Library argued that *Lightfoot* did not alter the court's conclusion because *Lightfoot* merely applied the test set forth in *Manders* for determining whether an entity is an arm of the state and because the Library differed significantly from the school district in *Lightfoot*. In Haven's supplemental brief, she argued for the first time that the Library was not an arm of the state under the *Manders* test.

5

After receiving the parties' supplemental briefs, the district court issued an addendum to its summary-judgment order explaining that the prior decision still stood. The court concluded that *Lightfoot* did not alter the arm-of-the-state analysis set forth in *Manders*, which, according to the court, was available to Haven since the case began, but she "elected not to challenge [the Library's] status as an arm of the state." "In fact," the court stated, "Plaintiff's complaint specifically alleged that the Library is a unit of the University of Georgia System." The court further noted that Haven did not argue that the Library was not an arm of the state during the pendency of the motion for summary judgment but instead sought refuge under the *Ex parte Young* exception, and the district court explained that its request for supplemental briefing "was not an invitation to amend the pleadings or withdraw concessions." According to the district court, its arm-of-the-state determination was "based solely on the specific posture of the pleadings and arguments made before the Court" and was not intended "as a determination that units of the Georgia Public Library Service generally are arms of the state."

Haven now appeals. She argues that she never admitted in her complaint that the Library was an arm of the state, and that, even if she did, the district court was not permitted to rely solely on this statement because she could not admit a conclusion of law. Further, she contends, the Library never met its burden of demonstrating that it was an arm of the state, and the district court failed to apply

6

the *Manders* test.  Finally, Haven asserts that the Library, under *Manders*, is not an arm of the state entitled to share in sovereign immunity.

## II.

We review dismissals based upon Eleventh Amendment immunity *de novo*. *Ass'n for Disabled Ams., Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005).  Likewise, whether an entity is an "arm of the state" for purposes of Eleventh Amendment immunity is a question of law reviewed *de novo*.  *Lightfoot*, 771 F.3d at 768.

## III.

The Eleventh Amendment largely bars federal courts from entertaining suits against a state without the state's consent.  *Manders*, 338 F.3d at 1308.  This sovereign immunity applies not only to the state, but also to an entity acting as an "arm of the state."  *Id.*  "Whether a defendant is an 'arm of the State' must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise."  *Id.*  In *Manders*, this Court set forth the following four-factor test for determining whether an entity is an arm of the state:  "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity."  *Id.* at 1309.

7

There is no dispute that the Eleventh Amendment is implicated by this case.[2]
Although Congress has the power, within limitations, to abrogate the states'
Eleventh Amendment immunity, the Supreme Court has held that Congress, in
enacting the ADEA, did not validly abrogate the states' immunity. *Kimel v. Fla.
Bd. of Regents*, 528 U.S. 62, 66-67, 91-92, 120 S. Ct. 631, 637, 650 (2000); *see
also Stroud v. McIntosh*, 722 F.3d 1294, 1303 (11th Cir. 2013) ("The Supreme
Court has made it clear [in *Kimel*] that the ADEA is unconstitutional as applied to
the states because Congress did not enact the law under section 5 of the Fourteenth
Amendment, the only recognized constitutional basis for abrogating states'
sovereign immunity."). Thus, states are immune from damages suits brought
under the ADEA.

Haven now argues that the Library is not an arm of the state entitled to share
in the state's immunity. In response, the Library contends that these arguments are
not properly before this Court because Haven failed to oppose the Library's status
as an arm of the state in a timely fashion during the district-court proceedings. As
we see it, there are two related but distinct doctrines that could bar our review of
Haven's arguments on appeal.

---

[2] Haven does not contend that the Library waived its defense of immunity. *See
McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1257 (11th Cir. 2001) (stating that
Eleventh Amendment immunity is a "volitional defense" that may "be waived by the state").

First, it is well settled that we will not consider on appeal an issue or argument not fairly presented to the district court, unless our refusal to do so will result in a miscarriage of justice. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598-99 (11th Cir. 1995); *see also Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (issues raised for the first time on appeal will not be considered). Here, although the Library asserted that it was an arm of the state in its motion for summary judgment, Haven did not contest the Library's position until after the court granted summary judgment. Ordinarily, we would decline to address Haven's belatedly raised argument. In the specific circumstances of this case, however, we conclude that general rule of *Resolution Trust* and like cases is inapplicable.

As the governmental entity invoking the Eleventh Amendment, the Library "bears the burden of demonstrating that it qualified as an arm of the state entitled to share in its immunity."[3] *See Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 237 (2d Cir. 2006); *see also Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002) ("[T]he entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity, *i.e.*, that it is an arm of the state."); *Skelton v. Camp*, 234 F.3d 292, 297 (5th Cir. 2000) (same); *Christy v. Pa. Turnpike Comm'n*, 54 F.3d 1140, 1144 (3d

---

[3] Consistent with this burden, the Library in its summary-judgment motion argued that it was an arm of the state and cited factors under the *Manders* test relevant to that question.

Cir. 1995) (same); *ITSI TV Prods., Inc. v. Agric. Ass'ns*, 3 F.3d 1289, 1292 (9th Cir. 1993) (same). Although the district court dismissed the complaint for lack of subject-matter jurisdiction based on Eleventh Amendment immunity, the court never analyzed or determined whether the Library met its burden of establishing that it was entitled to immunity as an arm of the state.

Nor, generally, does a party's failure to oppose a summary-judgment motion absolve the district court of its responsibility to consider the merits of the motion. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). In view of the fact that the Library bore the burden of establishing its entitlement to immunity, Haven's failure to oppose the Library's contention that it was an arm of the state alone does not resolve whether the Library is entitled to immunity as an arm of the state under *Manders*.

The second doctrine that could bar our review of Haven's appeal is the doctrine of invited error. The doctrine of invited error precludes appellate review "when a party induces or invites the district court into making an error." *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998); *see also Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1231 (11th Cir. 2012). Here,

the district court appears to have found that Haven did not simply fail to oppose the Library's arguments, but had effectively conceded that the Library was an arm of the state. If Haven had affirmatively conceded that the Library was an arm of the state, the doctrine of invited error would prohibit appellate review. *Cf. United States v. Haile*, 685 F.3d 1211, 1221 (11th Cir. 2012) (concession at trial that a gun was a "machine gun" constitutes invited error and precludes review of a challenge to the court's failure to define "machine gun" for the jury).

While it is a close question, we cannot conclude that Haven invited the court to find that the Library was an arm of the state. The allegation in Haven's complaint that the Library was "a unit of the University of Georgia System," cited by the district court as a "concession" of its arm-of-the-state status, concedes no more than that the Library is a governmental entity to which sovereign immunity *may* apply. The Library adds that this "concession" was not alone, and that, when viewed jointly with Haven's failure to oppose the Library's arguments, the district court properly found that Haven had conceded that the Library was an arm of the state. However, failing to oppose is not equivalent to inducing or inviting. *See United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012) ("[F]ailing to object does not trigger the doctrine of invited error."); *cf. United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or

11

abandonment of a known right." (internal quotation marks omitted)).  Overall, Haven's actions amount to no more than a failure to oppose the Library's argument that it is an arm of the state.  Therefore, invited error does not apply.

In sum, we conclude that Haven's argument that the Library is not an arm of the state is properly before us.  However, although both parties have briefed this issue, we do not decide it in this appeal.  Because the district never addressed this issue in any depth, we vacate the dismissal of Haven's ADEA claims and remand to the district court for further proceedings, including for the court to consider in the first instance the question whether the Library is entitled to Eleventh Amendment immunity as an arm of the state under the test set forth in *Manders*. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 & n.4 (11th Cir. 2001) (stating that we have a preference for the district court to address issues in the first instance, even on summary judgment).  We express or imply no opinion on the proper resolution of the immunity question.

**VACATED AND REMANDED.**