[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-11157

Non-Argument Calendar

————————————

DOLORES BRACERO,

Plaintiff-Appellant,

*versus*

THE CITY OF ORLANDO,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01657-WWB-GJK

————————————

Before LUCK, LAGOA and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Dolores Bracero appeals the district court's order granting summary judgment to her former employer, the City of Orlando ("the City"), on her claims of discrimination pursuant to the Rehabilitation Act, the Americans with Disabilities Act, Title VII, and the Florida Civil Rights Act, and her claim of retaliation for filing a workers' compensation claim under federal law and Florida Statute § 440.205. Bracero does not challenge the district court's disposition of her discrimination claims or her federal retaliation claims on appeal. Bracero appeals only the district court's grant of summary judgment as it relates to her retaliation claim under Florida law. Bracero argues that the district court erred in concluding that she failed to show a causal relationship between her protected expression and her termination. She also argues that the district court erroneously failed to consider adverse employment actions other than termination when those actions, if adverse, would fill the temporal gap between her filing her workers' compensation claims and her termination. After reviewing the record and reading the parties' briefs, we affirm the district court's order granting summary judgment to the City.

## I.

We review summary judgment orders *de novo*, viewing all the evidence in the light most favorable to the nonmoving party. *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1056 (11th Cir.

2020). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Grange Mut. Cas. Co.*, 958 F.3d at 1057. "If a party fails to . . . properly address another party's assertion of fact," the district court may (1) provide an opportunity to do so; (2) consider the fact undisputed; (3) grant summary judgment if the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e). However, the district court must review the evidentiary materials on file when considering even an unopposed motion for summary judgment to "ensure that the motion itself is supported by evidentiary materials" and indicate that it addressed the merits of the issue. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Similarly, even when the statements in a party's statement of material facts are deemed admitted, we "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). Even when the motion for summary judgment is unopposed, the movant must identify the evidence that "demonstrates the absence of a genuine issue of material fact." *Id.*

In general, we will not consider an issue "not raised in the district court and raised for the first time in an appeal." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted). "This rule, however, is not jurisdictional and may be waived by this court in certain exceptional

circumstances" that do not apply in this case. *Blue Martini Kendall, LLC v. Miami Dade Cty. Fla.*, 816 F.3d 1343, 1349 (11th Cir. 2016) (quotation marks omitted). Additionally, we "may affirm a judgment on any legal ground, regardless of the grounds addressed and relied upon by the district court." *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004).

## II.

Under Fla. Stat. § 440.205, "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Fla. Stat. § 440.205. Retaliation claims brought pursuant to § 440.205 require a plaintiff to show that: (1) she engaged in protected expression; (2) she suffered an adverse employment action; and (3) there is a causal connection between the expression and the adverse action. *Ortega v. Eng'g. Sys. Tech., Inc.*, 30 So. 3d 525, 528 (Fla. Dist. Ct. App. 2010). To satisfy the causal connection requirement, the plaintiff must show, "at a minimum, . . . that the defendant was actually aware of the protected expression at the time the defendant took the adverse employment action." *Russell v. KSL Hotel Corp.*, 887 So. 2d 372, 379 (Fla. Dist. Ct. App. 2004). The plaintiff cannot establish this requirement with merely "curious timing coupled with speculative possibilities." *Id.* The plaintiff only has a *prima facie* case if the protected activity and adverse employment action "are not completely unrelated." *Id.*

After the plaintiff establishes a *prima facie* case that she engaged in protected activities and suffered adverse employment action as a result, "the burden then shifts to the defendant to proffer a legitimate reason for the adverse employment action." *Id.* at 379-80.  If the employer meets its burden, the plaintiff then must prove by a preponderance of the evidence that the stated reason was a pretext for retaliatory conduct. *Id.* at 380.

### III.

A review of the record shows that Bracero made claims for workers' compensation on October 27, 2015, and December 7, 2017. The City terminated her employment 18 months after she filed her second workers' compensation claim. Thus, the filing of her claims was too attenuated from her termination for a causal connection to exist. Moreover, the undisputed facts, adopted by the district court, demonstrate that the City fired Bracero pursuant to the pre-existing collective bargaining agreement, precluding her arguments that the City fired her or took other adverse employment actions against her in retaliation for filing workers' compensation claims.  Record evidence supports this admitted fact because the collective bargaining agreement specifies that a person who applied for and was denied a disability pension and did not report for duty, like Bracero, would be fired.

Further, her argument that the district court should have considered the City's other actions as adverse employment actions for purposes of her retaliation claim is not properly before us because she did not assert this argument in the district court.

6                       Opinion of the Court                21-11157

Regardless, the City gave non-retaliatory reasons for each of its alleged adverse actions, all of which Bracero failed to rebut by failing to respond to the motion for summary judgment. Accordingly, for the aforementioned reasons, we affirm the district court's order granting summary judgment to the City.

**AFFIRMED.**